[Civ. No. 24121. Third Dist. Apr. 11, 1985.]

CARMEN PATANE, Plaintiff and Appellant, v.
KAYE R. KIDDOO, as Director, etc., Defendant and Respondent.

COUNSEL

Hofvendahl, Roessler, Hirsch & Sussman and Russell L. Hofvendahl for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Edward P. Hollingshead, Robert D. Milam and Charles Kobayashi, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**PUGLIA, P. J.**—Plaintiff instituted an action for refund of taxes which he claimed were illegally assessed and collected by the Employment Development Department (department) as unemployment insurance contributions for 1976. Defendant moved for summary judgment on the ground that plaintiff's failure to exhaust administrative remedies deprived the trial court of jurisdiction over the action.[1] The trial court granted the motion and entered judgment accordingly. Plaintiff appeals. We shall affirm the judgment, holding that plaintiff's failure to exhaust administrative remedies is established beyond reasonable dispute and that such failure constitutes a fatal departure from the procedure governing an action for refund of taxes to which no extra statutory exceptions apply.

In 1976 plaintiff entered into written agreements with certain individuals called share farmers, whereby they would harvest plaintiff's cucumber crop in exchange for 50 percent of the gross proceeds of the harvest. Each contracting share farmer warranted that he was an independent contractor.

In 1977, the Department of Benefit Payments, the department's predecessor agency, audited plaintiff's operations to ascertain whether the share farmers were in fact employees of plaintiff or independent contractors. The

---

[1] The director of the department is the named defendant in the complaint. Because of the unity of interest of the director and the department, we shall hereafter use the designation "department" to signify the defendant as well as the department.

agency concluded that the share farmers were plaintiff's employees (see Unemp. Ins. Code, § 601) and assessed plaintiff $5,485.86 as employer contributions to unemployment insurance. (Unemp. Ins. Code, § 976; hereinafter all references to sections of a code are to the Unemployment Insurance Code.)

Plaintiff filed a petition for reassessment (former § 1133, see § 1222). An administrative law judge ruled the share farmers were independent contractors and overturned the assessment (former § 1134; see § 1223).[2] On appeal by the department, the Unemployment Insurance Appeals Board (board) reversed and reinstated the assessment.

Plaintiff paid the assessment, then filed a claim for refund (§ 1178) in which he realleged the share farmers were independent contractors. The department denied his claim. On October 19, 1981, plaintiff filed a "Petition from Denial of Claim for Refund" (§ 1222). Thereafter plaintiff's attorney received a letter from the board informing him that a hearing is not required on a petition if a prior hearing has been afforded the petitioner involving the same issues, but advising that if the petitioner were to file an affidavit setting forth new and additional evidence in support of his petition, an additional hearing might be granted. The letter concluded: "From a review of this file, it would appear that the issues raised by the petitioner in the petition from denial of claim for refund are identical to those in the prior [petition for reassessment] case . . . in which a hearing was held. Accordingly . . . unless an affidavit is filed setting forth new and additional evidence within twenty days of the date of this letter, the matter will be reviewed based on the prior record, and a decision issued." No new and additional evidence was submitted and on August 27, 1982, Administrative Law Judge Berwald denied plaintiff's petition in a written opinion.

Plaintiff filed the instant action in the Sacramento Superior Court on October 22, 1982. He later amended his complaint to allege, inter alia, that on October 19, 1981, he filed an appeal "before" the board from the denial of his claim for refund. Thereafter, the department moved for summary judgment on the ground plaintiff in fact had failed to appeal the denial of his refund claim to the board, thereby depriving the court of jurisdiction to

---

[2]Prior to 1984 the statute used the term "referee" to describe the Unemployment Insurance Appeals Board's hearing officers. However, at the relevant times California Administrative Code, title 22, section 5002, subdivision (c) provided: " 'Administrative law judge' means any person, including board staff administrative law judges, appointed by the [Unemployment Insurance] Appeals Board to hear and render a decision in matters in which the petition is filed with, or an appeal is taken to, a 'referee' or to the board as provided in the Unemployment Insurance Code; . . ." In 1984, the Legislature removed all references to "referee" from the statute, replacing them with "administrative law judge." (See Stats. 1984, ch. 537.) Throughout this opinion we use the designation administrative law judge.

entertain his suit for refund of 1976 contributions. The court granted the motion and entered judgment for the department.

■ The party moving for summary judgment bears the burden of establishing that the claims asserted by the adverse party are entirely without merit on any legal theory. (*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362, 374 [182 Cal.Rptr. 629, 644 P.2d 822].) To prevail, the movant must identify the issues of material fact which it claims are not subject to reasonable dispute, furnish documentary evidence revealing this lack of dispute, and show that the facts so established are dispositive of the nonmovant's claims. (Code Civ. Proc., §§ 1010 and 437c, subds. (b) and (c).) "The motion shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

The sole object of plaintiff's action is the refund of taxes which he claims the department illegally assessed and collected. Article XIII, section 32 of the California Constitution, which allows a taxpayer to maintain an action against the state for refund of illegally assessed taxes, provides: "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." In accordance therewith, section 1241 provides the manner of an employer action to recover improperly assessed unemployment insurance contributions. Subdivision (a) of that section provides in relevant part: "No suit or proceeding shall be maintained in any court for the recovery of any amount of contributions, interest or penalties alleged to have been erroneously or illegally assessed or collected unless a claim for refund or credit has been filed pursuant to this chapter. Within 90 days after the service of the notice of the decision of the appeals board upon an appeal, the claimant may bring an action against the director on the grounds set forth in the claim in a court of competent jurisdiction in the County of Sacramento for the recovery of the whole or any part of the amount with respect to which the claim has been denied."

Section 1241, subdivision (a), establishes two prerequisites to an action for refund of employer contributions. First, the employer must file with the department a timely claim for refund. The department does not contend this requirement was not satisfied. Second, the employer must commence the action within 90 days after service of notice of the board's decision upon an appeal from the department's denial of his refund claim. Inasmuch as plaintiff could not have satisfied this prerequisite to judicial relief unless he

first appealed to the board from denial of his refund claim, we turn our attention to this threshold requirement.

An appeal to the board initiates the final stage in an administrative review process established by the Unemployment Insurance Code. Within 30 days after the employer receives notice of the department's denial of his claim for refund, he may file a petition for review by an administrative law judge of the department's decision. (§ 1222.) Upon the timely filing of the petition, an administrative law judge shall review the matter and grant a hearing thereon unless the employer has previously been afforded a hearing involving the same issues. (§ 1223.) If within 60 days the administrative law judge has not rendered a decision, the employer may consider the petition denied and appeal to the board. (§ 1224, subd. (a).) Otherwise, the employer has 30 days after service of notice of decision denying his petition in which to file an appeal to the board. (§ 1224, subd. (a).) "Failure [timely] to file an appeal from an adverse administrative law judge's decision to the appeals board" constitutes "A waiver of any demand against the state . . . on account of overpayment" (§ 1179, subd. (c)), and the administrative law judge's decision thereupon becomes final. (§ 1224, subd. (a)(1).)

As noted, the amended complaint alleges that "On or about October 19, 1981 Plaintiff filed an appeal from the Denial of Claim for Refund before the CALIFORNIA UNEMPLOYMENT APPEALS BOARD [*sic*]." The burden of the department's motion for summary judgment was that, as a matter of law, this allegation could not be sustained. In his declaration supporting the motion, the board's chief counsel stated in relevant part: "5. On or about September 10, 1979, petitioner Patane paid the tax assessment and filed a claim for refund. The Employment Development Department denied the claim. Petitioner Patane then appealed this denial to an administrative law judge and on August 27, 1982, in Case No. SJ-7-8092, Administrative Law Judge Bruce W. Berwald affirmed the Department's denial of a refund. [¶] 6. Thereafter, the only action taken by petitioner Patane was the filing of a complaint, on October 22, 1982, in the Sacramento Superior Court, challenging the decision of the administrative law judge, which denied the refund. [¶] 7. The records of the Unemployment Insurance Appeals Board do not disclose that petitioner filed an appeal with the Board as contemplated by section 1224(a) of the Unemployment Insurance Code."

In his declaration opposing the motion, plaintiff's attorney stated in part: "On October 19, 1981 I filed an appeal from the denial of the Claim for Refund with the San Jose office of the CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD. I did *not*, as stated in the declaration of [the board's

chief counsel] . . . appeal to an Administrative Law Judge. As stated, I filed the appeal with the San Jose office of the CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD. The Board eventually assigned Administrative Law Judge Bruce N. Berwald to decide the appeal."

The declarations supporting and opposing the summary judgment motion appear to tender a dispute as to whether plaintiff filed an appeal to the board. We are satisfied, however, that the dispute does not constitute a "triable" issue of material fact. (Code Civ. Proc., § 437c, subd. (c).) Plaintiff's original complaint and attachments incorporated therein contain admissions which belie the claim that he filed an appeal to the board. In his original complaint, which was verified, plaintiff failed to allege that he filed such an appeal. Instead, he alleged that "On or about October 19, 1981 Plaintiff filed a Petition from Denial of Claim for Refund." Plaintiff attached to the original complaint a copy of that petition, dated October 19, 1981, and a copy of Administrative Law Judge Berwald's decision, dated August 27, 1982, which denied the petition. Attached to the decision was a printed document labeled "NOTICE FROM THE ADMINISTRATIVE LAW JUDGE TO ALL INTERESTED PARTIES," which explained plaintiff's "right of further appeal" to the board from the "attached decision" and the procedure for perfecting the appeal.

In his amended complaint, also verified, plaintiff alleged the filing of an appeal "before" the board and attached a copy of Administrative Law Judge Berwald's decision, omitting, however, the notice of "right of further appeal" to the board which had been attached to the original complaint.

Admissions in the original complaint, though superseded by the amended complaint, are properly within our cognizance. Here, it appears that the original verified allegations are true and were not set forth by mistake, inadvertence, or inadequate knowledge of facts, and that the removal of such statements by amendment was designed to conceal a fundamental weakness in plaintiff's case. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 345 and 346, pp. 2011-2012.)

■ The papers before the court on the motion for summary judgment establish beyond dispute that plaintiff failed to file an appeal to the board as required expressly by sections 1224, subdivision (a), and 1179, subdivision (c), and implicitly by section 1241, subdivision (a). Because article XIII, section 32, of the Constitution permits tax refund suits only "in such manner as may be provided by the Legislature," plaintiff's failure to satisfy a stat-

utory condition to suit is fatal to his action and, additionally, constitutes a waiver of his demand against the state for the tax refund. (§ 1179, subd. (c).) The court properly granted defendant's motion for summary judgment on that ground.

Plaintiff alternatively contends that failure on his part to file an appeal to the board should be excused under a recognized exception to the doctrine of exhaustion of administrative remedies. He suggests that an appeal to the board would inevitably have been decided adversely to plaintiff in light of the board's previous determination of the same issues in the department's appeal from the granting of plaintiff's petition for reassessment. Plaintiff asserts that exhaustion of administrative remedies is not required where "the aggrieved party can positively state what the administrative agency's decision in his particular case would be." (*Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834-835 [112 Cal.Rptr. 761].) We doubt that plaintiff consciously sought to avail himself of an exception to the exhaustion requirement. Rather, his failure to exhaust administrative remedies appears to have been due to inadvertence or mistake on his part rather than to futility or certainty of an adverse decision as he now claims (see *Pacific Coast Medical Enterprises* v. *Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 215 [189 Cal.Rptr. 558]).

■ The doctrine of exhaustion of administrative remedies was evolved by the courts to promote comity between coequal branches of government and to relieve overburdened courts from the need to deal with cases where effective administrative remedies are available. (*Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 698 [108 Cal.Rptr. 392].) The judicially developed rule and, perforce, its exceptions, have no application to an action to recover a tax paid. Although exhaustion of administrative remedies is prerequisite to such an action, it is compelled not by the judicially created doctrine of comity and convenience but by the constitutional grant of power to the Legislature to prescribe the manner of proceeding in such cases. Sections 1179, 1224, and 1241 implement the constitutional provision and impose as a condition to the maintenance of an action to recover unemployment insurance taxes the exhaustion of administrative remedies. We are not at liberty to alter the constitutionally authorized process by engrafting onto it exceptions borrowed from the judicially fashioned doctrine of exhaustion of administrative remedies. The authority to make such changes is confided in the Legislature by article XIII, section 32, of the Constitution, a provision which, we have recently been reminded by our high court, "means what it says." (*Pacific Gas & Electric Co.* v. *State Bd. of Equalization* (1980) 27 Cal.3d 277, 284 [165 Cal.Rptr. 122, 611 P.2d 463].)

The judgment is affirmed.

Carr, J., and Sparks, J., concurred.