[No. C060372. Third Dist. Feb. 8, 2010.]

MERCHANDISING CONCEPT GROUP, INC., Plaintiff and Appellant, v. CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant and Respondent.

1276

### Counsel

Chris A. Schaefer for Plaintiff and Appellant.

Edmund G. Brown, Jr., Attorney General, Paul D. Gifford, Assistant Attorney General, William L. Carter and Amy J. Winn, Deputy Attorneys General, for Defendant and Respondent.

### Opinion

**ROBIE, J.**—In this mandamus proceeding, plaintiff Merchandising Concept Group, Inc., sought to (1) compel defendant California Unemployment Insurance Appeals Board (the Appeals Board) to set aside its reassessment decision that plaintiff's workers were employees and not independent contractors (which resulted in upholding a tax assessment levied by the Employment Development Department against plaintiff); (2) "[r]etain[] jurisdiction" over the Employment Development Department (which conducted the audit that first concluded the workers were employees); and (3) refund taxes "erroneously collected" by the Employment Development Department.

 The question on appeal is whether Merchandising Concept Group is entitled to judicial review of the Appeals Board's reassessment decision. The answer is "no." As we explain, the Legislature has not provided for judicial review of the Appeals Board's reassessment decision; rather, it has provided for an action against the director of the Employment Development Department for refund of any taxes paid by the claimant, provided the claimant has filed a claim for refund with the department and the Appeals Board has issued an order or decision regarding the petition for review of the department's denial of the claim for refund. This is an adequate remedy at law.

Here, Merchandising Concept Group filed a claim for refund but failed to exhaust its administrative remedies by waiting for a decision from the Appeals Board regarding the petition for review of the denial of the claim for refund. As such, we affirm the superior court's judgment entered after it sustained a demurrer without leave to amend the petition for writ of mandate.

### FACTUAL AND PROCEDURAL BACKGROUND

Merchandising Concept Group contracted with clothing manufacturers to provide attractive product displays to promote sales of goods in retail stores.

The people who made the displays were called detailers, and Merchandising Concept Group classified them as independent contractors.

The Employment Development Department audited Merchandising Concept Group and determined the detailers were not independent contractors but employees subject to employment tax-related deductions. The Employment Development Department issued an assessment totaling approximately $110,000 plus a penalty on Merchandising Concept Group based on the reclassification of 148 of its workers.[1]

Merchandising Concept Group challenged the assessment and penalty by filing a petition for reassessment with an administrative law judge. The administrative law judge affirmed the assessment but reversed the penalty, finding the failure to file adequate tax returns was made on advice of counsel, on which Merchandising Concept Group reasonably relied.

Both Merchandising Concept Group and the Employment Development Department appealed to the Appeals Board, which affirmed the administrative law judge's decision and denied the petition for reassessment. The Appeals Board stated this was a "final decision." Attached to its decision was an "[i]nformation [s]heet" that stated, among other things, "The petitioner may seek judicial review of any portion of this decision denying or dismissing any portion of its claim for refund by filing an action in the Superior Court in the County of Sacramento against the Employment Development Department (EDD) Director." "Judicial review of a decision other than as set forth above may be obtained only upon conclusion of the administrative process, including the payment of sums owed and the filing of a claim for refund with [the Employment Development Department]."

Merchandising Concept Group paid the assessment, filed a claim for refund with the Employment Development Department, and filed a petition for writ of mandate in the superior court asking the court to direct the Appeals Board to set aside its reassessment decision, "[r]etain[] jurisdiction" over the Employment Development Department, and refund taxes "erroneously collected" by the Employment Development Department.

The Appeals Board demurred to the petition for writ of mandate on the following three grounds: (1) Merchandising Concept Group had an adequate legal remedy in the form of a suit for refund, (2) Merchandising Concept Group failed to exhaust its administrative remedies, and (3) the Appeals Board was not a proper party to an employment tax challenge.

---

[1] This assessment included unpaid unemployment insurance contributions, employment training taxes, disability insurance contributions, and personal income tax.

The trial court sustained the demurrer without leave to amend on all three grounds and entered a judgment of dismissal.

Merchandising Concept Group filed a timely notice of appeal.

## DISCUSSION

On appeal, Merchandising Concept Group raises a number of arguments why the court's judgment was wrong. In essence, Merchandising Concept Group contends it had a right to superior court review of the Appeals Board's reassessment decision based on case law, statutory law, and the Appeals Board's own statements following its reassessment decision. It also argues it should have a chance to amend its petition to correct any pleading errors that led to the belief the petition was a claim for refund as opposed to simply a challenge to the validity of the Appeals Board's reassessment decision.

The Appeals Board responds the judgment was correct because Merchandising Concept Group failed to exhaust its administrative remedies and a suit for refund against the Employment Development Department is an adequate legal remedy.

To put these arguments in context, we begin by explaining the relevant constitutional provisions and statutes at issue.

I

*Constitutional and Statutory Provisions Prescribe the
Manner of Proceeding in an Action to Recover a Tax Paid*

The California Constitution has granted to the Legislature the power to prescribe the manner of proceeding in an action to recover a tax paid. (*Patane v. Kiddoo* (1985) 167 Cal.App.3d 1207, 1214 [214 Cal.Rptr. 9] (*Patane*).) Specifically, article XIII, section 32 of the California Constitution permits a tax refund lawsuit only "in such manner as may be provided by the Legislature."

The Legislature has adopted sections of the Unemployment Insurance Code[2] to "implement th[is] constitutional provision," which "impose as a condition to the maintenance of an action to recover unemployment insurance taxes the exhaustion of administrative remedies." (*Patane, supra,* 167 Cal.App.3d at p. 1214.)

---

[2] All further section references are to the Unemployment Insurance Code unless otherwise indicated.

■ Specifically, section 1222 permits "any employing unit or other person" to "file a petition for review or reassessment with an administrative law judge" "[w]ithin 30 days of service of any notice of assessment or denial of claim for refund or credit." If the petition is not filed within 30 days or an additional period granted, "an assessment is final at the expiration of the period." (*Ibid.*)

If such a petition for review or reassessment is filed, "an administrative law judge shall review the matter and, if requested by the petitioner, shall grant a hearing. A hearing is not required on a petition if a prior hearing has been afforded the petitioner involving the same issues . . . ." (§ 1223.)

After the administrative law judge serves notice of the decision, the petitioner or the director of the Employment Development Department "may" file an appeal to the Appeals Board. (§ 1224, subd. (a).)

The Appeals Board then makes a decision on the appeal. "Within 90 days after the service of the notice of the decision of the appeals board upon an appeal, [a] claimant may bring an action against the director [of the Employment Development Department] on the grounds set forth in the claim in a court of competent jurisdiction in the County of Sacramento for the recovery of the whole or any part of the amount with respect to which the claim has been denied." (§ 1241, subd. (a).) The same subdivision, however, contains the following prohibition on filing suit: "No suit or proceeding shall be maintained in any court for the recovery of any amount of contributions, interest or penalties alleged to have been erroneously or illegally assessed or collected unless a claim for refund or credit has been filed pursuant to this chapter." (*Ibid.*)

II

*Merchandising Concept Group Failed to Exhaust Its*
*Administrative Remedies*

The Employment Development Department contends Merchandising Concept Group failed to exhaust its administrative remedies, as required by the Unemployment Insurance Code, precluding writ review. We agree.

■ Although exhaustion of administrative remedies is generally thought of as a judicially developed rule, in the case of an action to recover a tax paid, it is a statutory creation by the Legislature pursuant to the grant of power given in article XIII, section 32 of the California Constitution. (*Patane, supra,* 167 Cal.App.3d at p. 1214.) Here, the administrative remedy Merchandising Concept Group had to exhaust to bring a "suit or proceeding" in the

superior court was its claim of refund. This requirement of exhaustion is found in section 1241, subdivision (a).[3] While the first sentence of subdivision (a) seems to require only the filing of the claim for refund, the second sentence of subdivision (a) makes clear a decision from the Appeals Board, here, one regarding the petition for review of the denial of claim for refund, is also necessary for exhaustion.[4]

 Thus, taking the statutory scheme as a whole, the Legislature has mandated the following six steps before a claimant may bring a lawsuit against the Employment Development Department to recover a tax paid in the unemployment insurance arena: (1) the claimant files a claim for refund or credit (§§ 1178, subd. (a), 1241, subd. (a)); (2) the director of the Employment Development Department denies the claim for refund or credit (§§ 1180, 1222); (3) the claimant files a petition for review with an administrative law judge (§ 1222); (4) the administrative law judge reviews the matter and renders a decision (§ 1223); (5) the claimant or director of the Employment Development Department files an appeal to the Appeals Board regarding the petition for review of the denial of the claim for refund (§ 1224); and (6) the Appeals Board issues its order or decision regarding the petition for review of the claim for refund and serves notice of the decision (§§ 1224, 1241, subd. (a)).

Here, Merchandising Concept Group completed only the first step—filing a claim for refund—before it filed its petition for writ of mandate, thus failing to satisfy the requirement to exhaust its administrative remedies.

### III

### *Case Law and Statutory Law Do Not Establish the Right to Judicial Review of the Appeals Board's Reassessment Decision*

To establish a right to judicial review of the Appeals Board's reassessment decision, Merchandising Concept Group hangs its hat on two cases from our

---

[3] Section 1241, subdivision (a) reads in pertinent part as follows: "No suit or proceeding shall be maintained in any court for the recovery of any amount of contributions, interest or penalties alleged to have been erroneously or illegally assessed or collected unless a claim for refund or credit has been filed pursuant to this chapter. Within 90 days after the service of the notice of the decision of the appeals board upon an appeal, the claimant may bring an action against the director on the grounds set forth in the claim in a court of competent jurisdiction in the County of Sacramento for the recovery of the whole or any part of the amount with respect to which the claim has been denied."

[4] In its reply brief, Merchandising Concept Group states it "continues to follow the administrative remedies as provided by [section] 1241 so that it will not waive its right to a refund." (Fn. omitted.) In essence, then, an action in this court for a refund of taxes is premature.

Supreme Court and provisions of the Code of Civil Procedure and the Unemployment Insurance Code. As we explain, neither case law nor statutory law establishes such a right.

■ The first case Merchandising Concept Group claims supports its position is *Bodinson Mfg. Co. v. California Emp. Com.* (1941) 17 Cal.2d 321 [109 P.2d 935] (*Bodinson*). *Bodinson* was a mandamus proceeding brought by an employer to compel the California Employment Commission to set aside its decision to award unemployment compensation benefits to union members who refused to work because another union had set up a picket line. (*Id.* at p. 323.) Our Supreme Court held the writ of mandamus provided for in the Code of Civil Procedure could be used to review final acts and decisions of administrative agencies that violate the law where no other adequate remedy was provided. (*Bodinson*, at pp. 328–330.) The problem with applying *Bodinson* here is that *Bodinson* involved unemployment benefits and this case involves unemployment taxes. As our court has noted, there are "significant substantive and procedural differences between the Unemployment Insurance Act's benefit and taxation components." (*Air Couriers Internat. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 936 [59 Cal.Rptr.3d 37].)

The second case Merchandising Concept Group claims supports its position is *Empire Star Mines Co. v. Cal. Emp. Com.* (1946) 28 Cal.2d 33 [168 P.2d 686] (*Empire Star Mines*), overruled on another ground in *People v. Sims* (1982) 32 Cal.3d 468, 479 [186 Cal.Rptr. 77, 651 P.2d 321]. In *Empire Star Mines*, the California Employment Commission sought review of a judgment from the superior court that held certain leasers with whom the mine company worked were independent contractors and not employees. (*Empire Star Mines*, at pp. 36–38, 42.) Among other arguments, the commission contended its allowance of the claims of certain leasers to unemployment benefits upon a finding they were employees was determinative of the pending action. (*Id.* at p. 46.) In holding it was not, our Supreme Court stated in passing: "Perhaps, for the reasons stated in *Bodinson Mfg. Co. v. California Emp. Com.*, [*supra*,] 17 Cal.2d 321 . . . , the mining company might have sued in mandamus to test the ruling upon the sole question of employment." (*Empire Star Mines*, at p. 46.)

■ Merchandising Concept Group claims this dictum in *Empire Star Mines* "suggests that the mandamus procedure in *Bodinson* is also available in a tax case for the purpose of testing the employment relationship, such as that found in the [Appeals Board's reassessment decision]." To the extent Merchandising Concept Group may be correct, we are not bound by dictum from our Supreme Court where the court has not conducted a thorough analysis of the issues that reflects compelling logic. (*People v. Superior Court (Maury)* (2006) 145 Cal.App.4th 473, 483 [51 Cal.Rptr.3d 670].) Here, it

does not appear the Supreme Court's brief statement in *Empire Star Mines* about the possibility of mandamus to test the employment relationship in a tax case was based on such an analysis of the issue; it was simply a suggestion. Accordingly, we adhere to our detailed analysis explaining why the statutory scheme laid out by the Legislature in the Unemployment Insurance Code prohibits judicial review of the Appeals Board's reassessment decision.

As noted above, in an effort to find statutory support for its argument, Merchandising Concept Group looks to the Code of Civil Procedure and the Unemployment Insurance Code. Neither helps its argument.

Code of Civil Procedure section 1094.5, subdivision (a) reads in pertinent part as follows: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury."

Merchandising Concept Group contends use of the word "shall" requires a hearing by the court to test the validity of the Appeals Board's petition for reassessment, which the Appeals Board itself characterizes as "final."

Merchandising Concept Group is mistaken. While "[t]he purpose of [Code of Civil Procedure] section 1094.5 is to inquire into the validity of any final administrative order" (*State of California v. Superior Court* (1974) 12 Cal.3d 237, 245 [115 Cal.Rptr. 497, 524 P.2d 1281], italics omitted), the Appeals Board's characterization of its reassessment decision as "final" is not controlling. As we have already explained, on the issue of the propriety of the tax assessment, a final decision is the Appeals Board's decision on the petition for review regarding the denial of a claim for refund, which comes after its decision on the reassessment. For this reason, it is irrelevant the Appeals Board termed its decision "final."

Merchandising Concept Group's reliance on Unemployment Insurance Code section 410 fares no better. That section reads in pertinent part as follows: "Notwithstanding any other provision of law, the right of the director, or of any other party except as provided by Sections 1241, 1243, and 5313, to seek judicial review from an appeals board decision shall be exercised not later than six months after the date of the decision of the appeals board or the date on which the decision is designated as a precedent decision, whichever is later." (§ 410, 4th par.) Contrary to Merchandising Concept Group's position that this language establishes a right to judicial review from the Appeals Board's reassessment

decision, section 410 deals with *when* the right to judicial review must be exercised, not *whether* it exists.

In summary, therefore, neither case law nor statutory law supports the position taken by Merchandising Concept Group.

IV

*The Ability to Petition for Refund in the Courts Is an*
*Adequate Remedy at Law*

We come then to Merchandising Concept Group's argument that this is not a proceeding to obtain a refund of taxes, but rather, to "test the validity of the [Appeals Board's] [rea]ssessment [d]ecision," and it should have the chance to correct any pleading errors that led to the belief the petition was a claim for refund. Even if we accept Merchandising Concept Group's characterization of this proceeding, the result is still the same because there is an adequate legal remedy. (*Barratt American, Inc. v. City of Rancho Cucamonga* (2005) 37 Cal.4th 685, 704–705 [37 Cal.Rptr.3d 149, 124 P.3d 719] [a writ of mandate is not an available remedy where the petitioner has or had an adequate legal remedy].)

The only significance of the Appeals Board's decision on the reassessment petition was its determination the workers were employees. That issue will be subject to judicial review when Merchandising Concept Group completes the administrative process initiated by its claim for refund. Thus, the refund suit is an adequate legal remedy, even though the defendant will be different.

In fact, the refund suit will be a *better* remedy than what Merchandising Concept Group could obtain in this writ proceeding if it were allowed to go forward. Accepting Merchandising Concept Group's position it will not receive a refund from this proceeding, all it would get is a determination that the Appeals Board (and therefore the Employment Development Department and the administrative law judge) were wrong in concluding the workers were employees. That determination is not as good as a determination the workers were not employees *and* a refund of taxes paid, which is what Merchandising Concept Group would get if it prevails in the refund suit.

We note one final point. Merchandising Concept Group's judicial remedy to challenge a finding the workers were employees and not independent contractors (after it exhausts administrative remedies by receiving a decision from the Appeals Board on its petition for review) is a refund action against the Director of the Employment Development Department. (§ 1241, subd. (a).)

## DISPOSITION

The judgment is affirmed. The Appeals Board is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

Blease, Acting P. J., and Nicholson, J., concurred.