Filed 6/15/16  Castaneda v. City of Whittier CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RUDY CASTANEDA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF WHITTIER,<br><br>    Defendant and Respondent. | B262192<br><br>(Los Angeles County<br>Super. Ct. No. BS148136) |

      APPEAL from an order and judgment of the Superior Court of Los Angeles County, Robert H. O'Brien, Judge Pro Tem.  Affirmed.

      Rudy Castaneda, in pro. per., for Plaintiff and Appellant.

      Jones & Mayer, and Denise L. Rocawich, for Defendant and Respondent.

_____

## INTRODUCTION

On August 27, 2013 the City of Whittier issued a $41 parking citation to a car registered to Rudy Castaneda. Castaneda has never disputed that his car was parked illegally. His defense has been that he was "not familiar with the parking statutes."

After an unsuccessful administrative challenge to the citation, Castaneda attempted to appeal to the superior court on the last day of the time allowed to file an appeal under the Vehicle Code. Unfortunately, because Castaneda did not submit the required filing fee with his notice of appeal, the superior court clerk rejected his filing. After that limitations period had run, Castaneda filed a petition for writ of mandate in the superior court asking the court to enjoin the City from increasing the amount of his fine until the court gave him an opportunity to contest his parking ticket. The City demurred to the petition, and the court sustained the demurrer without leave to amend, finding that the petition was untimely. Castaneda appealed.

We conclude that Castaneda's petition was untimely, and that, because his notice of appeal was also untimely, the filing of the notice of appeal did not equitably toll the running of the statute of limitations for his petition. Thus, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Castaneda Exhausts His Administrative Remedies*

The City cited Castaneda because his wife Julia Castaneda (Julia) had parked his car in an area designated "no parking" during the hours specified on a displayed sign. (Whittier Municipal Code § 10.16.050, subd. (c).) After issuing the citation on August 27, 2013, the City sent Castaneda a courtesy notice on September 19, 2013. The notice stated that Castaneda could appeal the citation within 14 days by submitting an explanation of any extenuating circumstances or why the City had issued the citation in error.

On September 24, 2013 Julia submitted an affidavit to the City stating that, as a new resident of California, she was "not familiar with the parking statutes." Julia explained that the Castaneda family had just moved to Whittier from Phoenix, Arizona, and they were unfamiliar with the local parking restrictions. She had parked her car across the street from their new house, and on the morning of August 27, 2013 she chose to take her daughter's car, which was properly parked, leaving her car "vulnerable." Julia stated, "I got the citation which is my fault for not saying anything to my daughter."

On September 26, 2013, two days after Castaneda submitted Julia's declaration by mail, the City mailed Castaneda a "Result of Administrative Review," which stated that the city had received the information Castaneda submitted to contest the citation, and concluded that there was "[n]o evidence to support reasonable doubt that the violation did not occur." On October 7, 2013 Julia signed a document stating that she assumed the administrative review had not considered the affidavit she submitted because the City could not have received it in the mail before issuing its decision.[1] It is unclear whether Castaneda or Julia ever sent this document to the City.

Castaneda requested an administrative hearing to review the City's decision to enforce the parking citation. On December 18, 2013 the hearing examiner issued a "Result of Administrative Hearing," which stated that the examiner had conducted a hearing and determined that "the circumstances presented failed to establish sufficient cause for the dismissal of th[e] citation." In particular, the hearing examiner stated that "[a] lack of knowledge regarding local parking restrictions/ordinances is not a justifiable reason for dismissal."

---

[1]     The record is unclear regarding whether Castaneda submitted his initial appeal from the parking citation by mail or online. The document dated October 7, 2013 suggests Castaneda sent the September 24, 2013 affidavit by mail, but the petition for writ of mandate Castaneda filed in the superior court on April 15, 2014 stated that he submitted his appeal online. It is also possible that both statements are correct, and that Castaneda initially submitted the appeal online then attempted to submit additional supporting documentation by mail.

*B.      Castaneda Attempts To Appeal to the Superior Court*

On January 22, 2014 Castaneda mailed a notice of appeal to the Bellflower courthouse of the Los Angeles Superior Court. The notice was forwarded to a courthouse in Los Angeles. On January 29, 2014 the clerk of the superior court sent Castaneda a notice of rejection stating that the court was "unable to process" his notice of appeal because he had not submitted payment of the required $25 fee. Castaneda alleged that, shortly after receiving the notice of rejection, he called the clerk's office and spoke with two clerks who told him that the Bellflower courthouse had closed, and that his case had been assigned to the courthouse in Los Angeles. Nothing in the record indicates whether Castaneda asked the clerks about the filing fee, how to pay it, or whether he could apply for a fee waiver.

Castaneda alleged that on January 22, 2014 he served the City with his notice of appeal. Nevertheless, on February 26, 2014 the City sent Castaneda a notice of delinquency, which increased the amount of the parking citation to $97 and informed Castaneda that the City could impound his vehicle and notify credit reporting agencies if he did not pay the outstanding amount within 15 days.

On April 15, 2014 Castaneda filed a petition for writ of mandate in the superior court. Castaneda claimed that the City violated his due process rights by failing to consider his affidavit in connection with the original administrative review, issuing the notice of delinquency while (he believed) his action in superior court was pending, and failing to inform Castaneda that the appropriate venue for his appeal was the courthouse in Los Angeles, not Bellflower. Castaneda asked the court to enjoin the City from sending him further notices and from increasing the amount of the fine until Castaneda could contest the parking citation. Castaneda apparently did not realize that, because the court had rejected his notice of appeal, he did not have an action pending in the superior court.

The City demurred to Castaneda's petition. Among other things, the City argued that Castaneda's petition was time-barred by Vehicle Code section 40230, which requires a person to file an appeal from an administrative hearing on a parking violation within

4

30 days of a final decision.  The City contended that Castaneda had not filed either his notice of appeal or his petition for writ of mandate within the time allowed by section 40230.

The court sustained the City's demurrer without leave to amend.  The court's order stated:  "The petition is time-barred for the reasons set forth by the court on the record." Because Castaneda did not designate a reporter's transcript, however, we do not know what those reasons were.[2]  Castaneda appealed.

## DISCUSSION

A.    *Standard of Review*

"On appeal from a dismissal entered after an order sustaining a demurrer to a petition for writ of mandate, we review the order de novo, determining independently whether the petition states a cause of action as a matter of law." (*Jones v. Omnitrans* (2004) 125 Cal.App.4th 273, 277; see *City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 869.)  "We deem to be true all material facts that were properly pled, as well as all facts that may be inferred from those expressly alleged.  [Citation]  We also accept as true all recitals of evidentiary facts contained in exhibits attached to the petition." (*Jones*, at pp. 277-278; accord, *Excelsior College v. California Board of Registered Nursing* (2006) 136 Cal.App.4th 1218, 1229.) "The application of a statute of limitations based on facts alleged in the complaint is a

---

[2]    It appears that Castaneda submitted multiple designations of the record on appeal, none of which checked the box indicating he requested a reporter's transcript.  One such notice, however, suggests that Castaneda may have intended to designate the reporter's transcript for a hearing on February 2, 2015.  In any event, we review the trial court's decision that Castaneda's action is untimely de novo, and therefore we do not need the transcript showing the trial court's reasoning.  (See *Gilkyson v. Disney Enterprises, Inc.* (2016) 244 Cal.App.4th 1336, 1340.)  We also deny Castaneda's Motion for Reconsideration of the Clerk's Notice Dated July 9, 2015 Regarding the Superior Court Clerk's Transcripts because, as far as we can tell, all of the documents identified by Castaneda in that motion are contained in the clerk's transcript.

legal question subject to de novo review." (*Gilkyson v. Disney Enterprises, Inc.* (2016) 244 Cal.App.4th 1336, 1340; see *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

> B.  *Castaneda's Direct Appeal and His Petition for Writ of Mandamus Were Untimely*

A person issued a parking citation may request an initial review of the citation by the issuing agency. (Veh. Code, § 40215, subd. (a).) If the person is dissatisfied with the results of the initial review, he or she may request an administrative hearing. (*Id.*, § 40215, subd. (b).) "Within 30 calendar days after the mailing or personal delivery of the final decision [from an administrative hearing], the contestant may seek review by filing an appeal to be heard by the superior court where the same shall be heard de novo." (Veh. Code, § 40230, subd. (a).) If no such notice of appeal is filed within the time limit, "the decision shall be deemed final." (*Id.*, § 40230, subd. (d).)

The Code of Civil Procedure provides a 90-day statute of limitations for petitions for writ of mandate seeking review of a decision of a local agency pursuant to Code of Civil Procedure section 1094.5. (Code Civ. Proc., § 1094.6, subd. (b).) "Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final." (*Ibid.*).

The City argues that the 30-day limitations period in Vehicle Code section 40230, subdivision (a), applies to Castaneda's petition for writ of mandate, and that the limitations period commenced on December 18, 2013, the date the City issued its decision following the administrative review hearing on Castaneda's parking citation. Castaneda argues that the 90-day statute of limitations in Code of Civil Procedure section 1094.6, subdivision (b), applies, and that the limitations period commenced on February 26, 2014, the date the City sent him a notice of delinquency. Castaneda argues that his petition was timely because he filed it on April 15, 2014, less than 90 days after February 26, 2014. We do not need to decide whether the 30-day or 90-day limitations period

6

applies because, even under the 90-day statute of limitations, Castaneda's petition was untimely.

Code of Civil Procedure section 1094.5 provides that a person may file a petition for a writ of mandate to challenge the validity of a "final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given." (Code Civ. Proc., § 1094.5, subd. (a).) "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." (*Id.*, § 1094.5, subd. (b).) An administrative agency abuses its discretion if it has not proceeded in the manner required by law, the order or decision is not supported by findings, or the findings are not supported by the evidence. (*Ibid.*; see *Patterson Flying Service v. Department of Pesticide Regulation* (2008) 161 Cal.App.4th 411, 418.) "[I]t is the *requirement* of a hearing . . . that triggers the availability of [administrative] mandamus review." (*Pomona College v. Superior Court* (1996) 45 Cal.App.4th 1716, 1729; see *Nathan G. v. Clovis Unified School Dist.* (2014) 224 Cal.App.4th 1393, 1400; *Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 359, fn. 22.) The decision challenged becomes final on the date the agency mails the decision to the petitioner. (Code Civ. Proc., § 1094.6, subd. (b).)[3]

The February 26, 2014 Notice of Delinquency is not a final order or decision reviewable under Code of Civil Procedure section 1094.5 because it did not result from a proceeding in which an evidentiary hearing was required. The notice merely attempted to enforce the City's December 18, 2013 decision following its administrative review hearing. Therefore, the Notice of Delinquency cannot provide the basis for administrative mandamus. Castaneda may only seek mandamus review of the

---

[3]     Castaneda argues that the City never notified him of the time within which he had to seek judicial review from the City's decision, as required by Code of Civil Procedure section 1094.6, subdivision (f). The December 18, 2013 decision, however, informed Castaneda that if he wanted to appeal he should "follow the instructions on the back of this page." The clerk's transcript does not include the other side of the December 18, 2013 decision.

December 18, 2013 administrative review decision.  (See *Merchandising Concept Group, Inc. v. California Unemployment Ins. Appeals Bd.* (2010) 181 Cal.App.4th 1274, 1283 [purpose of administrative mandamus "is to inquire into the validity of any final administrative order"].)  Castaneda did not file his petition for writ of mandate within 90 days of that date.  Therefore, it was untimely.

C. *Castaneda's Notice of Appeal Did Not Toll the Statute of Limitations Because He Never Perfected the Filing*

Castaneda also argues that his petition for writ of mandate was timely because his initial notice of appeal submitted to the superior court on January 22, 2014 equitably tolled the statute of limitations.  He contends that, because the superior court clerk did not advise him of his options or cite any authority for rejecting the notice of appeal, he "had no choice but to pursue a Writ of Mandate with primarily the same remedy as the Notice of Appeal."

The doctrine of equitable tolling "is 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.' [Citation.]  Where applicable, the doctrine will 'suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99 (*McDonald*); see *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370.)  "Broadly speaking, the doctrine applies '"[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one."' [Citations.]  Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." (*McDonald*, at p. 100.)  Here, Castaneda asserts equitable tolling applies because he filed a direct appeal from the City's December 18, 2013 decision in good faith, but the superior court clerk rejected it as defective.

8

"Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim." (*Tarkington v. California Unemployment Ins. Appeals Bd.* (2009) 172 Cal.App.4th 1494, 1503 (*Tarkington*); see *McDonald*, *supra*, 45 Cal.4th at p. 102.) "'The timely notice requirement essentially means that the first claim must have been filed within the statutory period.'" (*Tarkington*, at p. 1503; see *McDonald*, at p. 102, fn. 2; *California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581, 1594.)

The City concedes that Castaneda submitted his notice of appeal to the clerk of the superior court within the 30-day time limit under Vehicle Code section 40230. The City argues that Castaneda's appeal was not timely, however, because the clerk rejected the notice of appeal for failure to pay the filing fee.[4] Government Code section 70615, subdivision (b), requires a $25 fee to file an appeal of an agency's decision regarding a parking violation. Government Code section 6100 further provides that judicial officers "shall not perform any official services unless upon the payment of the fees prescribed by law for the performance of the services." The City relies on *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 (*Duran*), which in turn cited "[a]n unbroken line of decisions by our Supreme Court" holding that the Government Code requires court clerks to demand and receive the fee required by statute before filing documents or pleadings. (*Id.*, at p. 460.)

---

[4] The City asserts that the clerk rejected Castaneda's notice of appeal "as it was missing the required fee and other items." These "other items" were a copy of the filing and a self-addressed, stamped envelope, presumably to send Castaneda a conformed copy. The City does not identify any rule or statute requiring a party to submit a copy of a pleading and a self-addressed, stamped envelope in order to initiate an appeal in the superior court. Therefore, the only issue is Castaneda's failure to pay the required filing fee.

9

Castaneda relies on a Supreme Court case decided before *Duran*, *United Farm Workers of America v. Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912 (*United Farm Workers*), which held that the clerk must notify a party who pays less than the required filing fee and give that party an opportunity to cure the defect.   The Supreme Court in *United Farm Workers* held that "filing" for purposes of compliance with a statutory time limit means "actual delivery of the petition to the clerk at his [or her] place of business during office hours." (*Id.* at p. 918; see *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1273; *Rapp v. Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167, 1172.)  The initial petition for review filed in *United Farm Workers* did not comply with a rule of court requiring the petitioner to verify the petition.  (*United Farm Workers*, at p. 914.)  The Supreme Court held that, because verification is not a jurisdictional requirement, the petition's defect was curable, "even when submitted after the statute of limitations has run on the time to file the original complaint."  (*Id.*, at p. 915.)  The Supreme Court stated, however, that once a party is notified that its pleading is defective, the party must "undertake[ ] timely correction of defects noted" to avoid dismissal or rejection.  (*Ibid.*)

Even if under *United Farm Workers* the clerk must provide notice of and an opportunity to cure an insufficient or (as here) entirely absent filing fee,[5] Castaneda received such notice, had such an opportunity, and still did not "undertake[] timely correction of defects noted." (*United Farm Workers*, *supra*, 37 Cal.3d at p. 918.)  Castaneda never paid or attempted to pay the filing fee after he received the Notice of Rejection.  Although Castaneda stated that he spoke to two people in the clerk's office about the change in venue from the Bellflower courthouse to the Los Angeles courthouse, Castaneda apparently did not ask them about the filing fee.  Indeed, Castaneda states that

---

[5]      Under Code of Civil Procedure sections 411.20 and 411.21 the clerk must give notice and a 20-day opportunity to cure to a party who pays a filing fee for a complaint or other first paper with a check in an amount less than the required fee or that is returned for insufficient funds.  (Code Civ. Proc., §§ 411.20, subd. (a), 411.21, subd. (a).)  The clerk does not have to give a similar notice to a party who fails to pay any fee.

he "felt no obligation to pay" the fee. Because Castaneda did not cure, or even attempt to cure, the defects identified by the superior court clerk, his notice of appeal was untimely. In the absence of a timely notice of appeal, Castaneda cannot rely on the doctrine of equitable tolling to salvage his untimely filed petition for writ of mandate. (See *Tarkington v. California Unemployment Ins. Appeals Bd.*, *supra*, 172 Cal.App.4th at p. 1503.) Therefore, the trial court correctly ruled that Castaneda's petition for writ of mandate was untimely.

## DISPOSITION

The judgment is affirmed. Respondent is to recover its costs on appeal.


SEGAL, J.


We concur:


ZELON, Acting P. J.


BLUMENFELD, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11