Filed 10/1/20 Kamal v. Deutsche Bank National Trust Co. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| MAJID KAMAL et al.,<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY etc. et al.,<br><br>      Defendants and Respondents, | 2d Civil No. B301673<br>(Super. Ct. No. 56-2019-00528212-CU-OR-VTA)<br>(Ventura County) |

Here, a verified complaint for wrongful foreclosure incorporates the deed of trust that authorized the loan assignment and nonjudicial foreclosure that appellants complain about. Majid Kamal and Sheri Kamal appeal from a dismissal entered after the trial court sustained, without leave to amend, a demurrer to their First Amended Complaint for wrongful foreclosure and cancellation of instruments. Judgment was entered for defendants, Deutsche Bank National Trust Company as trustee for IndyMac INDX Mortgage Loan Trust 2006-AR5, Mortgage Pass-Through Certificates Series 2006-AR5, and Ocwen Loan Service, LLC. (herein Deutsche Bank). We affirm.

*Facts and Procedural History*

Appellants filed this action on May 9, 2019 after their home was sold at a nonjudicial foreclosure based on their $600,000+ default on an IndyMac Bank F.S.B. (IndyMac) loan secured by a deed of trust. Appellants originally purchased the property in 2006 with a $520,000 IndyMac loan secured by a deed of trust. The deed of trust stated that Mortgage Electronic Registration Systems, Inc. (MERS) was the loan beneficiary and "is acting solely as a nominee for Lender and Lender's successors and assigns." It provided that MERS could exercise any right belonging to the original lender (IndyMac) and its assigns and successors, and that MERS could sell the promissory note or a partial interest in the note without notice to appellants.

In 2009, after IndyMac failed and was placed in a Federal Deposit Insurance Corporation (FDIC) receivership, MERS assigned the Deed of Trust to OneWest Bank, FSB (OneWest).[1] On June 25, 2012, OneWest assigned the deed of

---

[1] A detailed description of the FDIC takeover of IndyMac and sale of its assets to OneWest Bank is described in *Deutsche Bank Nat. Trust Co. v. F.D.I.C.* (9th Cir. 2014) 744 F.3d 1124, 1127: "On July 11, 2008, the Office of Thrift Supervision closed IndyMac, appointed the FDIC as receiver, created a new savings bank, IndyMac Federal, and appointed the FDIC as conservator (FDIC–C) of IndyMac Federal. Another federal savings bank, OneWest Bank, was formed as a thrift holding company to purchase IndyMac Federal's assets and liabilities. As receiver and conservator, the FDIC 'succeeded to all rights, titles, powers, and privileges of IndyMac Federal, including those arising under the Governing Agreements or otherwise related to the Trusts.' As IndyMac Federal's conservator, the FDIC administered the Trusts and serviced the mortgages based on servicing rights established by the Governing Agreements. In that capacity, the

trust to Deutsche Bank. Appellants had already defaulted on the loan, and a notice of default and notice of trustee's sale were recorded for $613,768.89 due and owing on the loan. Appellants remained in possession until the nonjudicial foreclosure was conducted on April 23, 2019. Deutsche Bank was the highest bidder and the Trustee's Deed Upon Sale was recorded April 30, 2019.

*The Complaint*

Appellants filed a verified complaint for $2.5 million damages nine days later and attached the deed of trust as an exhibit to the complaint. The complaint stated that the deed of trust named MERS "as the nominee for IndyMac and its successors and assignees. A true and correct copy of the [deed of trust] is attached as Exhibit 1 and is incorporated in full herein by this reference."[2]

Thereafter, appellants filed a First Amended Complaint without the deed of trust attached. It stated that IndyMac assigned the note and deed of trust to IndyMac, M.B.S. on March 30, 2006. Appellants claimed that IndyMac M.B.S. was

---

FDIC sold certain assets and rights of IndyMac Federal to OneWest for approximately $13.9 billion."

[2] If the complaint incorporates an instrument by reference, the latter document's contents prevail over any inconsistent allegations contained in the pleading. (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1626-1627.) These admissions are binding on the pleader without further evidentiary proof. (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 871; *Patane v. Kiddoo* (1985) 167 Cal.App.3d 1207, 1213.)

"a similarly named, but wholly separate and distinct entity" and that it "could at least be reasonably inferred (based on law) that . . . IndyMac ha[s] dispos[e]d itself of any interest in or to the Note and/or [deed of trust]." When IndyMac failed in 2008, the Federal Deposit Insurance Commission had MERS transfer IndyMac's interest in the note and deed of trust to IndyMac Federal Bank, F.S.B., and then to OneWest. Appellants claimed it was too late to do that. The First Amendment Complaint alleged that the MERS assignment to OneWest in 2009 and the OneWest assignment to Deutsche Bank in 2012 were void because IndyMac divested itself of all interest in the note and deed of trust in 2006. Stated another way, MERS had nothing to assign and nothing was assigned to Deutsche Bank before the foreclosure. The First Amended Complaint prayed for $2.5 million damages and cancellation of the deed of trust assignments and foreclosure documents recorded after January 1, 2007.

*The Demurrer*

Deutsche Bank filed a demurrer and requested that the trial court take judicial notice of the recorded deed of trust and foreclosure documents. Deutsche Bank argued that the deed of trust named MERS as the beneficiary and the nominee of IndyMac and its successors or assigns. Appellants did not contest the authenticity of the recorded documents but argued that the recitals in the deed of trust (i.e., that MERS was the loan beneficiary and IndyMac's nominee) was hearsay and not the proper subject of judicial notice. The trial court overruled the objection and sustained the demurrer without leave to amend.

4

*De Novo Review*

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the first amended complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052 (*Intengan*).) In our de novo review of the order, we assume the truth of all facts properly pleaded, but not contentions, deductions, or conclusions of law. (*Ibid.*) We determine whether the alleged facts are sufficient, as a matter of law, to state a cause of action under any legal theory. (*Ibid.*) In making this determination, we consider any facts of which the trial court properly took judicial notice. (*Ibid.*)

*Hearsay - a Non-Issue*

Appellants contends that the trial court erred in treating the recitals in the deed of trust (i.e., that MERS was the beneficiary and IndyMac's nominee) as true. (See *Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117 [trial court may not accept as true statements contained in documents that are subject to judicial notice].) But "evidentiary facts found in recitals of exhibits attached to a complaint or superseded complaint . . . can be considered on demurrer. [Citations.]" (*Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94.) Appellants adopted, admitted, and incorporated the terms of the deed of trust into the verified complaint. It was a judicial admission that mooted the hearsay objection.

On review, we must accept as true the contents of exhibits attached to the original complaint. (See *Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505.) "Under the doctrine of truthful pleading, the courts 'will not close their

5

eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed.' [Citation.] 'False allegations of fact, inconsistent with annexed documentary exhibits [citation] or contrary to facts judicially noticed [citation], may be disregarded . . . .' [Citations.]" (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400.)

*The Deed of Trust*

The deed of trust states that MERS was the loan beneficiary and could assign the security interest at any time without appellants' consent. If an assignment was made, it had to be done by MERS. (See, e.g., *Intengan*, *supra*, 214 Cal.App.4th at pp. 1054-1055.) The allegation that IndyMac assigned the deed of trust in 2006 to a new entity, rendering the MERS assignments to OneWest and Deutsche Bank void, lacks any factual basis. Because only factual allegations are considered on demurrer, we disregard any contentions, deductions or conclusions of fact or law alleged in the First Amended Complaint. (*McBride v. Smith* (2018) 18 Cal.App.5th 1160, 1173.)

Appellants claim that MERS's agency relationship with IndyMac terminated when IndyMac failed and was taken over by the FDIC. But MERS was more than just an agent. It was the deed of trust beneficiary and IndyMac's nominee, and the nominee of IndyMac's successors and assigns. (See, e.g., *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 125.) "California courts have held that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender, including the right to foreclose, is precluded from

6

maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights. [Citations.] The deed of trust itself, attached to [appellants' verified complaint], establishes as a factual matter that MERS has the authority to exercise all of the rights and interests of the lender. [Citations.] The authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust. [Citation.]" (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 83-84, disapproved on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13.)

The recitals in the deed of trust are incorporated into and part of the verified complaint. Appellants cannot do an end run around their pleading by filing the First Amendment Complaint sans the deed of trust. "The rationale for this rule is obvious. 'A pleader may not attempt to breathe life into a complaint by omitting relevant facts which made his previous complaint defective.' [Citation.] Moreover, any inconsistencies with prior pleadings must be explained; if the pleader fails to do so, the court may disregard the inconsistent allegations. [Citation.] . . . [¶] Furthermore, as a matter of law, allegations in a complaint must yield to contrary allegations contained in exhibits to a complaint. [Citation.]" (*Vallejo Development Co. v. Beck Development Co.* (1994) 24 Cal.App.4th 929, 946.) Granting appellants leave to amend the First Amended Complaint would serve no useful purpose, given the fact that the actions of Deutsche Bank, as set forth in the verified original complaint, does not give rise to a cause of action. (*Mercury Casualty Co. v. Superior Court* (1986) 179 Cal.App.3d 1027, 1035.)

7

*Tender*

The demurrer was sustained on the alternate ground that the First Amended Complaint does not allege a tender of the loan amount, a necessary element of wrongful foreclosure. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.) Appellants argue that no tender was required because the deed of trust assignment was void. As discussed, appellants are estopped by the deed of trust which is attached, incorporated into, and part of the verified complaint. The deed of trust stated that MERS could sell or assign the deed of trust at any time. This court cannot torture the straightforward and ordinary provisions of the deed of trust to fasten upon Deutsche Bank a liability it never assumed. (*Nichols v. Great American Ins. Cos.* (1985) 169 Cal.App.3d 766, 778.)

*Statute of Limitations Bar*

An action to cancel an instrument is subject to the four-year statute of limitations found in Code of Civil Procedure section 343. (*Moss v. Moss* (1942) 20 Cal.2d 640, 645; *Salazar v. Thomas* (2015) 236 Cal.App.4th 467, 477, fn. 8.) The First Amended Complaint states that the 2009 and 2012 deed of trust assignments are void and should be canceled. Appellants did not file suit until May 9, 2019. It is an obvious time bar.

Appellants argue that the statute of limitations was tolled until May 2017 when they learned that the assignments were void. No facts are alleged concerning lack of knowledge, lack of means of obtaining knowledge in the exercise of reasonable diligence, and how and when appellants discovered the assignments were void. (See *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808-809 [pleading requirements for

8

delayed discovery].)  Conclusory allegations do not withstand demurrer.  (*Id*. at p. 808.)

Delayed discovery is defeated by presumed or constructive notice where the foreclosure documents are mailed and recorded.  (*Bank of New York Mellon v. Citibank, N.A.* (2017) 8 Cal.App.5th 936, 956.)  Appellants were presumptively aware of the assignments:  (1) before May 2015, when the mortgage servicer (Ocwen Loan Servicing, LLC) contacted appellants on behalf of Deutsche Bank to explore options to avoid foreclosure as required by Civil Code section 2923.55; (2) in May 2015, when Deutsche Bank recorded a substitution of trustee stating it was the "present beneficiary" under the deed of trust and that is was substituting Western Progressive, LLC as the new trustee; (3) in June 2015, when  Deutsche Bank recorded and served the notice of default and election to sell under the deed of trust, and identified itself as the beneficiary of the deed of trust; (4) and in December 2015, when the notice of sale was recorded, published, mailed, and posted on appellant's door.  (Civ. Code, §§ 2924, subd. (a); 2924f, subd. (b)(1)-(4).)

In the alternative, appellants claim that Code of Civil Procedure section 319 provides for a five-year statute of limitations.  But that statute governs actions to determine title of real property.  (*Robertson v. Superior Court* (2001) 90 Cal.App.4th 1319, 1327.)  The First Amended Complaint challenges assignments of the deed of trust and goes to the validity of the real property lien, not title to the property.  Appellants finally argue that the statute of limitations did not commence to run until the last overt act (see *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 786), but that applies to civil conspiracies.  (*Id*. at p. 787, fn. 4.)  No conspiracy is alleged here.

9

*Disposition*

The judgment (order sustaining demurrer) is affirmed.  Deutsche Bank is awarded costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

10

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Tovar & Cohen, René Tovar and David J. Cohen, for Plaintiffs and Appellants.

Houser, Emilie K. Edling and Robert W. Norman, for Defendants and Respondents.