[No. G008019. Fourth Dist., Div. Three. May 30, 1990.]

RAYMOND DODD, Plaintiff and Appellant, v.
CITIZENS BANK OF COSTA MESA, Defendant and Respondent.

**COUNSEL**

Nissenberg & Nissenberg and David N. Nissenberg for Plaintiff and Appellant.

Suchman, Galfin & Passon and Kenneth D. Passon for Defendant and Repondent.

**OPINION**

**WALLIN, Acting P. J.**—Raymond Dodd appeals the judgment of dismissal of his causes of action for negligent mismanagement of a payroll account against Citizens Bank of Costa Mesa (Citizens) following the sustaining of a demurrer without leave to amend. Dodd claims the court erred in ruling, as a matter of law, that he was not a customer of Citizens and therefore Citizens owed him no duty. We affirm.

In his first amended complaint, Dodd alleges he runs a trucking business under the name of Citrus Transport Service. He contracted with Pacific

Payroll Systems, Inc., for preparation of his payroll checks and tax returns and authorized it to transfer funds from his bank directly into Pacific's account at Citizens. Dodd attached as an exhibit to the complaint the signature card for the Citizens account, which authorized Judi Kramer and Richard Hunter, employees of Pacific, to write checks on the account. The card also identified the account as belonging to Pacific and labeled it a "payroll trust account." Although Dodd received statements from Pacific showing his taxes and payroll were being paid, in fact Kramer and Hunter diverted over $90,000 of Dodd's funds to their own use.

Dodd alleges various causes of action in tort against Pacific, Kramer and Hunter. His sixth and seventh causes of action, however, are against Citizens for negligence. Dodd alleges he was a customer of Citizens because Citizens knew Pacific was using the account to collect funds "solely for the payment of payroll and taxes on behalf of its clients." Furthermore, Citizens supplied Pacific with checks designed to be customized with the name and address of the particular client on whose behalf the check was written. Dodd alleges the checks with his business name and address on them "constituted representations and an acknowledgment by [Citizens] that [Dodd] was a customer of [Citizens], that [Citizens] was a depository of [Dodd's] funds and that [Dodd] was the drawer of said checks."

Dodd alleges that based on this customer relationship with Citizens, the bank should have sent him monthly statements and all canceled checks issued in his company's name. If Citizens had done so, Dodd would have been able to compare the checks with the statements sent by Pacific and would have detected the unauthorized use of his funds. Dodd also alleges Citizens negligently failed to determine whether Pacific was in compliance with the requirements of the California Financial Code before allowing it to open a trust account.

Citizens demurred, contending the first amended complaint fails to state a cause of action against it because Dodd was not its customer; it cannot be held negligent for honoring authorized withdrawals; and it had no duty to investigate the business of an account holder. The trial court sustained the demurrer without leave to amend.

■ Dodd claims whether he was a customer of Citizens is a question of fact and should not have been decided against him as a matter of law. ■ He points out his complaint alleges the relationship of customer and reminds us that such allegations must be accepted as true for purposes of demurrer.

We do not quarrel with Dodd's statement of the general rule (*Credit Managers Assn.* v. *Superior Court* (1975) 51 Cal.App.3d 352-359) [124

Cal.Rptr. 242]; however, facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence. (*Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 [176 Cal.Rptr. 824].)

California Uniform Commercial Code section 4104, subdivision (e) defines "customer" as "any person having an account with a bank . . . ." Here, the signature card establishing the account, attached as exhibit "A" to the first amended complaint, clearly identifies Pacific as the accountholder.

Notwithstanding the signature card, Dodd contends a question of fact is created by his allegations that Citizens knew about Pacific's method of operation, accepted preauthorized deposits from Dodd's bank and processed checks identifying Dodd's business as the accountholder. Citing *Kendall Yacht Corp.* v. *United California Bank* (1975) 50 Cal.App.3d 949 [123 Cal.Rptr. 848] and *American Nat. Bank* v. *Stanfill* (1988) 205 Cal.App.3d 1089 [252 Cal.Rptr. 861], Dodd argues the trier of fact should be allowed to examine his relationship with Citizens to determine if Citizens should have sent him statements and canceled checks.

In *Kendall Yacht* the court allowed individuals to recover against a bank for wrongful dishonor of the checks of a closely held corporation. The Kendalls, a husband and wife, were the officers and principal prospective shareholders of an undercapitalized corporation which had never issued shares. They had dealt directly with the loan officer and had personally guaranteed the bank's extension of credit to the corporation. The corporation was "nothing but a transparent shell, having no viability as a separate and distinct legal entity. The Kendalls alone were controlling its financial affairs and were personally vouching for its fiscal responsibility. Not only the Bank, but also the suppliers and employees of the Corporation knew that this was the situation." (*Kendall Yacht Corp.* v. *United California Bank, supra*, 50 Cal.App.3d at p. 956.)

The court found it was "entirely foreseeable" the Kendalls would suffer adverse personal consequences when the bank wrongfully dishonored the corporation's checks and that they were within the definition of customer under California Uniform Commercial Code section 4104. (50 Cal.App.3d at p. 956.) However, the court carefully limited its holding to the facts before it. "We would certainly not hold as a general proposition that the shareholders or officers of a corporation could recover under [California Uniform Commercial Code] section 4402 for the wrongful dishonor of a corporation check." (*Ibid.*)

In *American Nat. Bank, supra*, 205 Cal.App.3d 1089, the appellants, two individuals, borrowed money from a bank to fund a charitable corporation.

They used the loan proceeds to set up the corporation's account at the bank and instructed the bank as to authorized signatures. The bank allegedly mismanaged the account, resulting in unauthorized withdrawals.

Relying on *Kendall Yacht, supra*, 50 Cal.App.3d 949, the court found the appellants were customers entitled to raise claims of breach against the bank. "[T]hese facts must be considered: (1) appellants were directors of the [charitable] corporation; (2) appellants were required to execute a personal guaranty of the loan initially funding the project; (3) appellants were responsible for directing deposit of loan proceeds into a corporate account at the bank and providing instructions for opening the account, including the requirement of two signatures on all drafts, one signature to be [one of the appellants]; (4) the bank represented that 'if the project failed' it would look directly to appellants for payment on the note; and (5) [one appellant] . . . had a history of commercial dealings with the bank." (*American Nat. Bank v. Stanfill, supra*, 205 Cal.App.3d at p. 1100.)

The circumstances before us do not approach those in *Kendall Yacht* and *American Nat. Bank.* In each of those cases, the bank dealt directly with the individuals and held them financially responsible for the accounts in question. Here, Dodd had no responsibility for Pacific's account and had no direct dealings with Citizens. He was one of Pacific's many clients and had no customer relationship with Citizens. Because we hold the trial court correctly found Citizens had no duty to Dodd as a customer, we need not discuss Dodd's contentions that Citizens breached its duty of reasonable care.[1]

The judgment is affirmed.

Sonenshine, J., and Cox, J.,* concurred.

---

[1] Dodd argues Citizens' standard of care in these circumstances required it to investigate Pacific's qualifications to engage in the trust business; however, he cites no authority for such an extension of a bank's responsibilities.

* Assigned by the Chairperson of the Judicial Council.