Filed 11/15/21  Jackson v. Specialized Loan Servicing CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

PHILLIP D. JACKSON,

     Plaintiff and Appellant,

v.

SPECIALIZED LOAN SERVICING LLC,

     Defendant and Respondent.

E074576

(Super.Ct.No. CIVDS1902207)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Phillip D. Jackson in pro. per.

Yu Mohandesi LLP, Pavel Ekmekchyan and Sara E. Stratton for Defendant and Respondent.

Plaintiff Phillip Jackson defaulted on his home loan mortgage resulting in a notice of default and intent to foreclose by defendant Specialized Loan Servicing, LLC (SLS),

1

the successor in interest under the deed of trust securing the mortgage. Plaintiff filed suit on grounds the proposed foreclosure proceeding violated the Fair Debt Collection Practices Act (Civ. Code, § 1788, et seq.), violations of Civil Code sections 2924, subdivision (a)(6) and 2924.17 [asserting that SLS lacked authority to issue the notice of default or initiate foreclosure], and violation of Business and Professions Code section 17200 [unfair and deceptive business practices]. Defendant's demurrer to the second amended complaint was sustained without leave to amend and a judgment of dismissal was entered. Plaintiff appeals.

On appeal, plaintiff argues: (1) the trial court erred in sustaining the demurrer without leave to amend based on judicially noticed documents; (2) the demurrer should not have been sustained as to plaintiff's claimed violations of the Rosenthal Debt Collection Practices Act (Civ. Code, §§1788, et seq. and 15 U.S.C. 1692, et seq.) because the assignment of the deed of trust did not establish SLS's rights thereunder; (3) the demurrer should not have been sustained as to plaintiff's claimed violations of Civil Code section 2924, et seq.; and (4) the demurrer should not have been sustained as to plaintiff's cause of action for violation of the Unfair Business Practices law. (Bus. & Prof. Code, § 17200, et seq.) We affirm.

On June 14, 2006, plaintiff purchased a home, executing an adjustable note in the amount of $391,999, agreeing to repay Mountain West Financial, Inc. the amount of the loan, which was secured by a deed of trust. The deed of trust described Mountain West Financial, Inc. as the lender, First American Title Insurance Co. as the trustee, and MERS (Mortgage Electronic Registration Systems, Inc.) as a nominee for the lender and the beneficiary under the security instrument.[2]

While plaintiff was still in default, the deed of trust was assigned to Aurora Bank on August 12, 2011, followed by another assignment of the deed of trust to Federal Home Loan Mortgage Corporation on May 21, 2012. On May 14, 2014, the deed of trust was assigned to Nationstar. At this point, plaintiff obtained a loan modification from Nationstar, but did not make any payments under the loan modification agreement.

On December 28, 2017, plaintiff received a notice of servicing transfer, whereby the servicing of the loan was transferred from Nationstar to SLS. On January 21, 2018, SLS served a default notice and notice of intent to foreclose on plaintiff. On January 30, 2018, Nationstar executed an assignment of the deed of trust to SLS. Plaintiff remained

---

[1] We take the facts from the second amended complaint, which was the subject of the ruling from which the appeal is taken. "On appeal from dismissal following a sustained demurrer, we take as true all well-pleaded factual allegations of the complaint." (*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 495.)

[2] "A 'nominee' is a person or entity designated to act for another in a limited role—in effect, an agent." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270, and cases there cited.) MERS was acting as nominee for the lender, which did possess an assignable interest. (*Ibid.*)

in default.  In March 2018, SLS became aware that plaintiff had filed for bankruptcy and that his debt obligation had been discharged.  On June 11, 2018, a substitution of trustee was recorded naming Zieve, Brodnax and Steele, LLP (ZBS) as the foreclosing trustee.  On January 2, 2019, ZBS recorded a notice of trustee's sale as to the property.

Plaintiff's first amended complaint[3] against SLS and ZBS alleged violations of the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.), as well as violations of Civil Code section 2924, et seq., Unfair Business Practices (Bus. & Prof. Code, § 17200), and violations of Business and Professions Code section 6077.5, subdivision (e) (against ZBS only).  Defendant SLS demurred to the FAC and the demurrer was sustained without leave to amend as to those causes of action.

On August 23, 2019, plaintiff filed his second amended complaint (SAC), alleging (1) violations of the Rosenthal Fair Debt Collection Practice Act; (2) violation of Civil Code sections 2924.17 and 2924, subdivision (a)(6); (3) violation of Business and Professions Code, section 17200, and violation of Business and Professions Code section 6077.5, subdivision (e) (against ZBS only).

Defendant filed a demurrer to the SAC, arguing that it failed to state facts sufficient to constitute a cause of action against it, pointing out that the previous demurrer to the allegations pertaining to violations of the Rosenthal Act (Civ. Code, §§ 1788 et seq.) and violations of Civil Code section 2924, et seq., had been sustained without leave to amend, barring inclusion of those counts in the SAC.  Defendant requested that the

---

[3]  The original complaint is not a part of the record on appeal.

4

court take judicial notice of the original deed of trust executed June 13, 2006, the substitution of trustee dated June 11, 2018, and the court's minute order sustaining the demurrer to the FAC in its entirety. After hearing argument, the court sustained the demurrer to the SAC in its entirety without leave to amend and entered a judgment of dismissal of plaintiff's complaint in favor of SLS.

Plaintiff appeals.

## DISCUSSION

Plaintiff argues that the trial court erred in sustaining the demurrer to the SAC without leave to amend. In part, his challenges are based on the mistaken notion that the trial court was required to accept only plaintiff's allegations and could not consider matters of which it could take judicial notice. We disagree.

1.    *Standards of Review*

The standard of review on appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend is well settled. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) Demurrers raise a question of law, so on appeal the standard of review is de novo. (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034.) In reviewing demurrers, "'we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' [Citation.]" (*Ibid.*) Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusion of law.

5

"When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*City of Dinuba v. County of Tulare*, *supra*, 41 Cal.4th at p. 865.) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Ibid.*)

If the demurrer is sustained without leave to amend, we also ask whether there is a reasonable probability that the defect can be cured by amendment. (*City of Dinuba v. County of Tulare, supra*, 41 Cal.4th at p. 865.) In this regard, we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

"The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.) Where the defect can be cured by amendment, we find the trial court abused its discretion and reverse. (*City of Dinuba v. County of Tulare*, *supra*, 41 Cal.4th at p. 865.) Otherwise, we affirm.

6

2. *The Trial Court Properly Considered Judicially Noticeable Documents in Ruling on the Demurrer.*

Plaintiff argues that it was improper for the trial court to consider judicially noticed documents in ruling on the demurrer. Instead, pointing to the judicial policy and language of Code of Civil Procedure section 430.10, subdivision (e), that the demurrer tests the sufficiency of the complaint solely by accepting as true plaintiff's allegations therein, he posits that contradictory information, even when subject to judicial notice, cannot be considered. This is incorrect, and plaintiff's misconception affects all his claims on appeal.

Code of Civil Procedure section 430.30 provides, "(a) When any ground for objection to a complaint, cross-complaint, or answer appears on the face thereof, *or from any matter of which the court is required to or may take judicial notice*, the objection on that ground may be taken by a demurrer to the pleading." Additionally, although a court, in ruling on a demurrer, accepts the truth of material facts properly pleaded in the operative complaint, it does not accept as true the contentions, deductions, or conclusions of fact or law. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.) False allegations of fact, or allegations that are inconsistent with annexed documentary exhibits or *contrary to facts judicially noticed*, may be disregarded. (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400, italics added.)

"Judicial notice may be taken of the existence and facial contents of recorded real property records where, as here, the authenticity of the document is not challenged."

7

(Evid. Code §§ 452, subds. (c) and (h), 453; *San Francisco CDC LLC v. Webcor Construction L.P.* (2021) 62 Cal.App.5th 266, 288, fn. 5, citing *Yvanova v. New Century Mortgage Corp.*, *supra,* 62 Cal.4th 919, 924, fn. 1 [noting propriety of taking judicial notice of deed of trust, assignment of deed of trust, notice of default, notice of sale, and trustee's deed upon sale], 925.)

It was proper for the trial court to take judicial notice of the recorded documents reflecting defendant SLS's beneficial interest in the property under the assignment of the deed of trust. (*San Francisco CDC LLC v. Webcor Construction L.P.*, *supra*, 62 Cal.App.5th at p. 288.) When a court is required to rule on a demurrer, the discretion provided by Evidence Code section 452 allows the court to take judicial notice of a fact or proposition within a recorded document "'that cannot reasonably be controverted, even if it negates an express allegation of the pleading.' [Citation.]" (*Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th 256, 264 [overruled on a different point in *Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at p. 939, fn.13], quoting *Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117.)

Plaintiff's complaint alleged the assignment of the deed of trust was void because the note for which it provided security was not assigned with it. This is not a requirement and plaintiff provides no authority aside from his own legal conclusions to support the claim of a void assignment. This premise is erroneous. The deed of trust is inseparable from the note it secures and follows it even without a separate assignment. (Civ. Code, § 2936; *Yvanova v. New Century Mortgage Corp., supra*, 62 Cal.4th at p. 927.) SLS was

8

the servicing agent for the lender and also the assignee of the deed of trust. As such, it could give notice of default. On June 18, 2018, ZBS became the trustee, entitled to conduct the trustee's sale. (*Nguyen v Calhoun* (2003) 105 Cal.App.4th 428, 440; see also, *Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 10, citing *Haynes v. EMC Mortgage Corp.* (2012) 205 Cal.App.4th 329, 333–336 ["[u]nder a deed of trust, the trustee holds title and has the authority to sell the property in the event of a default on the mortgage."].)

Plaintiff's SAC advances no other legal theories to support the assertion that the deed of trust is void or voidable aside from his legal conclusion to that effect. The judicially noticed documents demonstrate that at the time they were recorded, SLS was the loan servicer and beneficiary under the assignment of the deed of trust. Even if we could construe his complaint as making a claim that the assignment was void, he has failed to allege *facts* in the complaint sufficient to state a cause of action on that basis.

Because most of plaintiff's claims are reliant upon a theory that the trial court improperly considered the judicially noticed documents demonstrating defendant's beneficial interest under the assigned deed of trust, this determination is fatal to his arguments. All his claims that SLS lacked authority to initiate foreclosure are based on a legal conclusion—not facts—that the deed of trust had not been assigned to it. The judicially noticed documents disprove this assertion and plaintiff alleged no other facts that would demonstrate the assignment of the deed of trust was void or voidable. The trial court properly sustained the demurrer without leave to amend.

9

3.      *The Court Properly Sustained Without Leave to Amend the Causes of Action Ground on Violations of Civil Code Section 1788.*

Plaintiff argues the trial court erroneously sustained without leave to amend his claim that defendant violated Civil Code section 1788 et seq. Specifically, he argues that by considering the judicially noticed documents of equitable title in favor of SLS, the trial court failed "allegations as true but instead relied on Respondent's disputed and hearsay documents." We disagree.

It is true that "properly pleaded" facts are accepted as true, but "facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence." (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627, citing *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.) Here, plaintiff attached a copy of the corporate assignment of deed of trust from Nationstar Mortgage, LLP in favor of SLS. This documented transfer contradicts plaintiff's allegation that SLS had no authority to serve the notice of default or to initiate nonjudicial foreclosure proceedings. His allegations to the contrary were therefore not "properly pled." Thus, the court was not bound to accept them as true.

In arguing that judicial notice was inappropriate, plaintiff also argues that a defendant may not offer evidence of additional facts to support a demurrer. He quotes our Supreme Court as stating, "facts have no place in a demurrer," citing *Bainbridge v. Stoner* (1940) 16 Cal.2d 423, 431. Plaintiff has taken the point out of context and cited it

10

for the wrong premise.  In *Bainbridge,* the plaintiff/appellant challenged a ruling sustaining a demurrer grounded on a statute of limitations bar.  There, the plaintiff argued that the defendant should have but did not allege facts that would demonstrate that the statute of limitations had lapsed before plaintiff brought his action.  The court there held that for purposes of a demurrer, the defendant need only plead the statute governing the limitation of actions.  (*Id.,* at p. 431.)

*Bainbridge* does not stand for the proposition that a trial court cannot take judicial notice of documents that have been duly recorded in considering the adequacy of plaintiff's complaint.  Thus, the trial court was not precluded from taking judicial notice of facts that are beyond dispute, such as recorded documents or court files, within the meaning of Evidence Code section 452.

Plaintiff also argues that the trial court was required to accept as true the allegations of fact and documentary exhibits to his complaint.  This is correct only to the extent that his allegations and exhibits were not inconsistent with, or contrary, to facts judicially noticed.  (*Hoffman v. Smithwoods RV Park, LLC, supra*, 179 Cal.App.4th at p. 400.)  Like the trial court, we "will not close [our] eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed." (*Del E. Webb Corp. v. Structural Materials Co*., *supra,* 123 Cal.App.3d at p. 604.)

Turning to the merits, Civil Code section 1788, known as the Rosenthal Fair Debt Collection Practices Act, governs unlawful or deceptive debt collection practices.  The

act defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection." (Civ. Code, § 1788.2, subd. (c).)

The Rosenthal Act incorporates the federal Fair Debt Collection Practices Act (FDCPA). (15 U.S.C. § 1692 et seq.; *Best v. Ocwen Loan Servicing, LLC* (2021) 64 Cal.App.5th 568, 576.) Both Acts protect consumers against unfair or deceptive acts or debt collection practices. California has adopted additional protections for consumers against the unreasonable and harassing debt collection practices by certain lenders. (*Best v. Ocwen Loan Servicing, supra*.) But neither Act holds that a debt collector lacks recourse to initiate a nonjudicial foreclosure when a debtor is in default on a secured debt and the debt collector has a valid interest in the security for the debt under an assigned deed of trust.

The purposes of both the Rosenthal Act and the FDCPA relates to debt collectors who engage in "unfair or deceptive acts or practices in the collection of consumer debts," but the Rosenthal Act does not stop there: it goes on to state that the purpose of the Act is "to require *debtors* to act fairly in entering into and honoring such debts." (Civ. Code, § 1788.1, italics added.) This is the rub.

Plaintiff begins by arguing that SLS is a "debt collector" under the Rosenthal Act. This may be. (*Best v. Ocwen Loan Servicing, LLC, supra,* 64 Cal.App.5th at p. 580.) Mortgage lenders and mortgage servicers may, under certain circumstances, be considered debt collectors under the Act. (*Davidson v. Seterus, Inc.* (2018) 21

12

Cal.App.5th 283, 303.)  However, the act of foreclosing on a mortgage loan does not constitute debt collection.  (*Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1264.)  Further, "giving notice of a foreclosure sale to a consumer as required by the Civil Code does not constitute debt collection activity under the FDCPA." (*Ibid.*)

Whether or not SLS is a debt collector or was engaged in debt collection, does not establish a cause of action under the Act, without alleging any acts by SLS that can be described as unfair or deceptive practices.  Plaintiff's complaint admits he was in default in mortgage payments since 2007.  The court took judicial notice of the assignment of deed of trust conferring in SLS a beneficial interest in the security for plaintiff's mortgage.  The only correspondence between SLS and plaintiff, according to the complaint, was a notice that SLS was taking over as loan servicer, and an acknowledgment of plaintiff's bankruptcy.  This was not prohibited correspondence in violation of the act, and the subsequent notice of intent to foreclose was similarly not unlawful.  The complaint has not stated facts sufficient to constitute violations of the Rosenthal Act.

In his SAC, plaintiff disputed the validity of the documents that were judicially noticed by the trial court in finding that SLS was authorized to proceed by virtue of the assignment of the deed of trust in its favor.  The recorded documents that the court was permitted to consider by way of judicial notice speak for themselves as to SLS's right to

13

foreclose, the notice of default, and the notice of intent to foreclose. None of the conduct alleged in the SAC rises to the level of a violation under the Rosenthal Act.

Because the sole prohibited act alleged in the SAC is grounded on whether SLS had a right to initiate foreclosure proceedings, it stands or falls on the question of whether SLS had authority to engage in the debt collection activity. The court took judicial notice of, among other documents, the assignment of the deed of trust to SLS, a document also appended to plaintiff's complaint, the recorded deed of trust demonstrates SLS did have the requisite authority and beneficial interest to initiate foreclosure. Plaintiff alleges no other acts that would qualify as an unfair or deceptive debt collection practice. Thus, the actions by SLS were neither void nor voidable fatally undermining the sole basis for stating a cause of action for a violation under the Rosenthal Act.

Having admitted to being in default and having failed to point to any invalidity in defendant's authority to foreclose or unfairness in its practices, plaintiff cannot state a cause of action against the nonjudicial foreclosure by a debt collector on the basis of false, deceptive or misleading practices.

4.    *The Demurrer to the Claims Under Civil Code Section 2924, et seq., Were Properly Sustained Without Leave to Amend.*

Plaintiff claims the court erred in sustaining the demurrer without leave to amend as to the causes of action alleging violations of Civil Code section 2924, et seq., because SLS was not the holder of the beneficial interest under the deed of trust. We disagree.

14

As pointed out in the previous discussion, the trial court properly took judicial notice of the recorded documents demonstrating SLS's beneficial interest. Plaintiff believes that because he did not append the document to his complaint, it cannot be considered, but this is incorrect for reasons we have already explained. (See Code Civ. Proc., § 430.30, subd. (a).)

Plaintiff also argues that SLS is not a creditor because the assignment of the deed of trust did not transfer the note, that is, the underlying obligation. Plaintiff cites no authority for the proposition that the holder of a beneficial interest under an assigned deed of trust must be the original lender under the promissory note that is secured by the deed of trust and we have found none, or that the note itself must be assigned. To the contrary, "[t]he deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment. [Citations.]" (*Yvanova v. New Century Mortgage Corp., supra*, 62 Cal.4th at p. 927.)

Plaintiff also argues that SLS had the burden of establishing "clear and positive" documentation of its interest. SLS did so. The assignment of the deed of trust to SLS was duly recorded, and such a recorded document, as the proper subject of judicial notice, contradicted the allegations of the complaint that SLS lacked a beneficial interest. Plaintiff fails to point to any other facts that would render the assignment void or voidable.

As to whether plaintiff can amend his complaint, we note that the assertions in the SAC under Civil Code section 2924 et seq. do not allege any *unlawful acts* on the part of

15

SLS.  It does not allege that SLS exercised its power of sale without properly filing a notice of default, or waiting the statutory period of time before exercising the power of sale, or giving proper notice of sale, or any of the other acts outlined in Civil Code section 2924.  Absent such allegations, with plaintiff's admission he was in default, along with judicial notice that SLS had the requisite authority to act upon plaintiff's default, coupled with the lack of properly pleaded allegations that the assignment was void, plaintiff's complaint fails to state a cause of action.

5.     *Dismissal of the Unfair Competition Law Cause of Action Without Leave to Amend Was Proper.*

Plaintiff argues that the trial court erred in sustaining the demurrer to the cause of action under the Unfair Competition Law (UCL), under Business and Professions Code, section 17200.  We disagree.

Plaintiff's complaint alleges that SLS's violations of the Rosenthal Act constituted unfair competition within the meaning of Business and Professions Code section 17200.  Unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  (Bus. & Prof. Code, § 17200; *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 320.)

"'The UCL's "unlawful" prong "borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." [Citation.]  '"[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for

16

[an] . . . "unlawful" [prong] violation."' [Citation.]" (*Randall v. Ditech Financial, LLC* (2018) 23 Cal.App.5th 804, 811.)

When a UCL claim is derivative of other substantive causes of action, the claim "stands or falls depending on [the] fate of the antecedent substantive causes of action." (*Williams v. 21st Mortgage Corp*. (2020) 44 Cal.App.5th 495, 505, quoting *Krantz v. BT Visual Images, L.L.C*. (2001) 89 Cal.App.4th 164, 178.) Plaintiff's UCL claim depends on the adequacy of its factual allegations in the claims pled under the Rosenthal Act and under Civil Code section 2924, et seq.

As we have demonstrated, antecedent substantive causes of action cannot stand: the plaintiff alleged only that assignment of the deed of trust was not valid, although the judicially noticed documents contradict this allegation. SLS did not threaten or harass plaintiff to collect the debt. Additionally, as we have explained, nonjudicial foreclosure does not constitute a debt collection activity under the Rosenthal Act. Having failed to allege any "unlawful acts" under either the Rosenthal Act or Civil Code section 2924, et seq., plaintiff's UCL claim necessarily fails.

**DISPOSITION**

The judgment is affirmed.   Defendant is entitled to costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

SLOUGH
J.

FIELDS
J.