Filed 6/21/24  Clay v. Carmax Auto Superstores California CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LINDSEY CLAY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC et al.,<br><br>    Defendants and Respondents. | G062497<br><br>(Super. Ct. No. 30-2021-01184168)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Stephanie George, Judge.  Reversed and remanded with instructions.

Law Office of Robert Starr and Adam Rose for Plaintiff and Appellant.

Schlichter, Shonack & Keeton, Steven C. Shonack, Jamie L. Keeton and Kim Tabin Mann for Defendants and Respondents.

## INTRODUCTION

The Song-Beverly Consumer Warranty Act, Civil Code sections 1790 et seq. (hereinafter, Song-Beverly), "is a remedial measure intended for the protection of consumers and should be given a construction consistent with that purpose." (*Oregel v. American Izusu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1103.) When assessing the viability of claims made under Song-Beverly, it is the job of courts to construe the statute in a way "calculated to bring its benefits into action." (See *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184.)

Unfortunately in the present case, the trial court seems to have restricted the statute's scope based on improper criteria and thereby cut off plaintiff's viable causes of action at the pleading stage. We reverse.

## FACTS

Appellant Lindsay Clay purchased a 2013 Subaru Impreza from respondent Carmax Auto Superstores California (Carmax) in January 2020 . At the time of the purchase, appellant was told the car was in excellent condition and came with a Carmax warranty. Carmax sales staff provided appellant with a report indicating the vehicle had been through a certified inspection process examining all of its major systems, including the cooling system and engine. These systems passed the inspection process and met Carmax standards.

After taking possession of the vehicle, appellant discovered it was not in good repair. The car malfunctioned, and after bringing it in for repairs sometime around November 2020, appellant was advised the intake manifold had a broken coolant port which appeared "to have been glued together previously." Additionally, she was told that "the passenger side of [the] engine camshaft [was] bent and [had] excessive wear." These issues had not been identified or flagged during Carmax's inspection.

As a result, appellant filed a complaint against Carmax containing several claims, including breach of implied and express warranties, and violation of Song-

2

Beverly.[1]  Carmax filed a demurrer as to all causes of action in the complaint, and the trial court sustained it in its entirety, with 15 days' leave to amend.  After appellant amended the complaint adding the details recounted above, Carmax once again demurred.  This time, the trial court overruled the demurrers as to the first through fifth causes of action, but sustained without leave to amend the demurrers to the warranty and Song-Beverly claims.  Because the exhibits attached to the amended complaint showed appellant had been able to drive the car nearly 15,000 miles in nine months, the trial court concluded they contradicted her allegation that the car was unsafe and not roadworthy.

After Carmax answered the amended complaint, it filed and prevailed on a motion for summary judgment as to the remaining claims.  This appeal followed.

## DISCUSSION

Appellant disputes only the dismissal of the warranty and Song-Beverly claims, a point she makes clear in her reply brief.[2]  She contends the trial court erred as a matter of law by invalidating Song-Beverly's protections based on appellant's driving habits or patterns.  We agree.

## I.          The Nature of Demurrers

Carmax's demurrer asserted appellant's sixth through eighth causes of action failed to state facts sufficient to constitute a cause of action.  (See Code Civ. Proc., § 430.10, subd. (e).)  The purpose of a demurrer is "'to test the sufficiency of plaintiffs' pleading by raising questions of law.' [Citations.]"  (See *Johnson v. County of Los Angeles* (1983) 143 Cal.App.3d 298, 306.)  "A demurrer tests the pleading alone, and not

---

[1]          The causes of action alleged were: (1) intentional misrepresentation, (2) negligent misrepresentation, (3) violation of Business and Professions Code section 17200, (4) bond claim against Safeco Insurance Company, (5) violation of Consumer Legal Remedies Act, (6) breach of implied warranty, (7) breach of express warranty, and (8) violation of Song-Beverly.  The first five causes of action are not relevant to this appeal.  The fifth was dismissed by appellant, and defendants were granted summary judgment as to the other four.  Although the sixth and seventh causes of action were identified separate and apart from appellant's Song-Beverly claim, neither side disputes that the warranty claims are brought pursuant to the statute.

[2]          Thus, we need not address Carmax's contention that appellant has waived her right to appeal the summary judgment ruling.

the evidence or the facts alleged. Thus, a demurrer will be sustained only where the pleading is defective on its face." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459 (*City of Atascadero*).)

As such, we and the trial court must "accept the truth of material facts properly pleaded" in the complaint "but not contentions, deductions, or conclusions of fact or law." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.) "To the extent there are factual issues in dispute, . . . this court must assume the truth not only of all facts properly pled, but also of those facts that may be implied or inferred from those expressly alleged in the complaint." (*City of Atascadero*, *supra*, 68 Cal.App.4th at p. 459.) ". . . [F]acts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence." (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1626-1627.) But "'we accept as true even improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove [the] factual allegations.' [Citations.]" (*Marina Pacific Hotel & Suites, LLC v. Fireman's Fund Ins. Co.* (2022) 81 Cal.App.5th 96, 104-105.)

In ruling on demurrers, courts must not sit as triers of fact. Rather, they must assess the legal sufficiency of the complaint assuming the truth of all facts disclosed by the pleading, its attached exhibits, and any material of which the court may take judicial notice.

Our standard of review in assessing the trial court's ruling is twofold. "We first review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) Second, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend. (*Ibid*.) Under both standards, appellant has the burden of demonstrating that the trial court erred.

(*Ibid*.)  An abuse of discretion is established when 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.'  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)"  (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.)

**II.**        **Warranty Claims Under Song-Beverly**

"Under the Song–Beverly Act, every retail sale of 'consumer goods' in California includes an implied warranty by the manufacturer and the retail seller that the goods are 'merchantable' unless the goods are expressly sold 'as is' or 'with all faults.' (Civ. Code, §§ 1791.3, 1792.)  Merchantability, for purposes of the Song–Beverly Act, means that the consumer goods: '(1) Pass without objection in the trade under the contract description. [¶] (2) Are fit for the ordinary purposes for which such goods are used. [¶] (3) Are adequately contained, packaged, and labeled. [And ¶] (4) Conform to the promises or affirmations of fact made on the container or label.' (Civ. Code, § 1791.1.)  '"The core test of merchantability is fitness for the ordinary purpose for which such goods are used.  [Citation.]" [Citations.]' (*Isip v. Mercedes–Benz USA, LLC* (2007) 155 Cal.App.4th 19, 26.)  Such fitness is shown if the product 'is "in safe condition and substantially free of defects" . . . .' (*Id.* at p. 27.) [¶] 'When there has been a breach of the implied warranty of merchantability, a buyer "may bring an action for the recovery of damages and other legal and equitable relief." (Civ. Code, § 1794, subd. (a).)' (*Mocek v. Alfa Leisure, Inc.* (2003) 114 Cal.App.4th 402, 406[, fn. omitted.] (*Mocek* ).)" (*Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1303 (*Mexia*).)

". . . [W]hile under a manufacturer's express warranty the buyer must allow for a reasonable number of repair attempts within 30 days before seeking rescission (§ 1793.2, subds. (b), (d)), that is not the case for the implied warranty of merchantability's bulwark against fundamental defects.  (*Mocek*[*, supra,*] 114 Cal.App.4th [at pp.] 406– 408[].)" (*Brand v. Hyundai Motor America* (2014) 226 Cal.App.4th 1538, 1545.)

### A.          Breach of Implied Warranty (Sixth Cause of Action)

Appellant's sixth cause of action for breach of implied warranty under Song-Beverly alleged that Carmax certified through its inspection report that the car was "safe, in good condition and roadworthy." The inspection report attached to the amended complaint shows all stated elements of the engine and cooling system met Carmax standards, or were repaired or replaced. However, based on the invoice attached to the amended complaint, it was discovered on or about November 9, 2020, that the vehicle had a broken coolant port which had been previously glued together as well as a bent camshaft. These allegations suggest the vehicle had been haphazardly repaired or inadequately inspected when appellant purchased it and did not conform to the affirmations of fact given in the inspection report accompanying the vehicle.

In its demurrer, Carmax argued the implied warranty of merchantability for a used vehicle is only effective for the time period provided in Civil Code section 1795.5, subdivision (c): "The duration of the implied warranty of merchantability and where present the implied warranty of fitness with respect to used consumer goods sold in this state, where the sale is accompanied by an express warranty, shall be coextensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable, but in no event shall such implied warranties have a duration of less than 30 days nor more than three months following the sale of used consumer goods to a retail buyer. Where no duration for an express warranty is stated with respect to such goods, or parts thereof, the duration of the implied warranties shall be the maximum period prescribed above." Because the vehicle was found to have defects only in November 2020, 10 months after purchase, Carmax says no claim for breach of the implied warranty can be made. This is incorrect.

First and foremost, the amended complaint alleges the vehicle malfunctioned and was presented for repairs "on numerous occasions[,]" which could mean the vehicle malfunctioned well before November 2020 when the invoice attached to

6

the amended complaint was prepared.  This is at the very least a reasonable reading of the complaint which presents an issue of fact inappropriate for demurrer.

More importantly however, "[t]he implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale. . . . Indeed, '[u]ndisclosed latent defects . . . are the very evil that the implied warranty of merchantability was designed to remedy.' [Citation.]" (*Mexia, supra,* 174 Cal.App.4th at p. 1304-1305.)  The court in *Mexia* was analyzing the warranty duration applicable to new consumer goods (see Civ. Code, § 1791.1), but the logic is just as compelling when applied to section 1795.5 relating to used goods.  "The word 'duration' has a clear and readily understood meaning, viz., the period of time during which something exists or lasts.  [Citation.]  In the duration provision, the 'something' that has a period of existence is the implied warranty . . . .  [¶] To say that a warranty exists is to say that a cause of action can arise for its breach. . . .  [¶] . . . There is nothing that suggests a requirement that the purchaser discover and report to the seller a latent defect within that time period." (*Mexia*, *supra*, 174 Cal.App.4th at pp. 1309-1310.)

Indeed, as the *Mexia* court aptly noted, there is a "distinction between unmerchantability caused by a latent defect and the subsequent discovery of the defect; the fact that the alleged defect resulted in destructive corrosion two years after the sale . . . does not necessarily mean that the defect did not exist at the time of sale." (*Mexia, supra,* 174 Cal.App.4th at p. 1308.)  Here, the defects identified after the car malfunctioned could very well have been present at the time of sale.  Or they could have been the result of improper use or maintenance.  "Resolution of the issue is necessarily dependent upon the facts and, if there be any conflict in the evidence, it is a matter for a jury." (*Ibid.*)

For this reason, the trial court should not have come to its conclusion based on the number of miles the vehicle had been driven in the time appellant had it.  By so concluding, the trial court took on the role of trier of fact, which is inappropriate at the

7

pleading stage. As another panel of this court said in the past, "a merchantable vehicle under the statute requires more than the mere capability of 'just getting from point "A" to point "B"'." (*Brand v. Hyundai Motor America, supra,* 226 Cal.App.4th at p. 1546.) The vehicle must also be able to transport its passengers safely. Appellant has alleged sufficient facts to show the vehicle she purchased was not in such a condition. The resolution of those allegations is not proper subject matter for a demurrer.

### B. Breach of Express Warranty (Seventh and Eighth Causes of Action)

In order to state a claim for breach of express warranty under Song-Beverly, a plaintiff must show that the defendant issued an express warranty which conforms with the definition of that term under Civil Code section 1791.2. This definition includes a "written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance[.]" (*Id.*, subd. (a)(1).)

Carmax focuses on appellant's allegation that it "expressly warranted that the Subject Vehicle was merchantable, safely designed, assembled, and fit for the purpose it was intended[,]" which is not an actionable warranty under section 1791.2. However, appellant also alleged Carmax "provided a written warranty relating to the Subject Vehicle." Appellant also alleged that Carmax failed to repair the vehicle after a reasonable number of attempts, and then refused to repurchase it. We agree with Carmax that these allegations are not particularly artful or specific, but they need not be. Appellant alleged the existence of a written warranty[3] and further alleged Carmax failed to repair the vehicle. The demurrers to these causes of action should have been overruled, and Carmax's factual arguments raised in later stages of the litigation.

---

[3] Because appellant's allegation was sufficient to implicate the express warranty provisions of Song-Beverly, we deny her request for judicial notice of warranty-related language on the Carmax website.

8

## DISPOSITION

The judgment of dismissal of the sixth through eighth causes of action in appellant's first amended complaint following sustaining of demurrer is reversed, and the matter is remanded to the trial court with instructions to enter an order overruling respondent's demurrers to these causes of action and ordering respondent to answer them. Appellant to recover her costs on appeal.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

MOTOIKE, J.

9